The Honorable David Dunn State Representative Post Office Box 208 Forrest City, AR 72336-0208
Dear Representative Dunn:
I am writing in response to your request for my opinion on the following questions:
 1. When manufacturing inventories that are not subject to assessment have been classified, listed and assessed as taxable for personal property tax purposes for a tax year, and the error is brought to the attention of the assessor after the tax books have been delivered to the collector, is the assessor required to correct the error pursuant to A.C.A. 26-28-111?
 2. When manufacturing inventories that are not subject to assessment have been classified, listed and assessed as taxable for personal property tax purposes, and personal property taxes have been billed and paid based on the error, may the taxpayer obtain a refund of the taxes erroneously assessed within three (3) years from the date of payment pursuant to A.C.A. 26-35-901?
You have asked me to assume the following in addressing these questions:
 For the purpose of both of these questions, please assume the manufacturing inventories are not subject to assessment based on the *Page 2 
"freeport" or "no situs" exclusion set out in Ark Code Ann. 26-26-1102(b)[1] as addressed in Omega Tube Conduit Corporation v. Maples, 312 Ark. 489, 850 S.W.2d 317 (1993). See also Attorney General Opinion No. 93-212[,] issued following the Omega Tube decision on September 15, 1993, which points out that assessments of property no[t] subject to tax under the no situs exclusion are "void tax assessments, as distinguished from those that are erroneous on account of over-valuation where a statutory remedy by appeal is afforded." *Page 3 
You have attached to your submission a Memorandum prepared by tax counsel for the Arkansas State Chamber of Commerce and an entity identified as Associated Industries of Arkansas. Counsel reports that occasionally a manufacturer will fail to declare the "no situs" exclusion from personal property taxation for manufacturing inventories destined for shipment outside of Arkansas. Counsel further recites the following background information:
 From time to time a manufacturer that is not aware of the exclusion will fail to claim the no situs exclusion on the standard commercial personal property tax reporting forms provided by its local county assessor each year. When the manufacturer discovers the error, it may bring the error to the attention of the county assessor by filing amended or supplemental reporting forms, or file a claim for refund if the taxes have been paid. In at least one recent case, [2]
the Pulaski County Circuit Court ruled that Arkansas law as amended by the Arkansas Property Taxpayer Bill of Rights (1999)[3]
requires that refunds be granted under these circumstances. Pulaski County elected not to appeal the decision and paid the refund claim. However, the Arkansas Assessment Coordination Department (ACD) continues to be reluctant to advise Assessors that corrections or refunds should be made under these circumstances. It has been suggested that an Arkansas AG opinion is the best way to resolve this issue, short of further litigation.
Against this backdrop, you suggest that, notwithstanding the ACD's reportedly contrary position on this matter, the answer to both of your questions should be "yes." *Page 4 
RESPONSE
I must respectfully decline to answer this question, which raises issues that are currently the subject of litigation on appeal to the Independence County Circuit Court, in the case of Arysta LifeScience North America, LLC v. Linda Foreman, in her officialcapacity as Independence County Treasurer, Case No. CV2009-364-4 (November 25, 2009), from an order of the Independence County Court. The complaint alleges that the plaintiff is entitled to a refund pursuant to A.C.A. § 26-35-901 of taxes purportedly assessed erroneously upon inventory subject to the in-transit exclusion from property taxation. This is precisely the issue raised in your request.
In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are either pending in or have been resolved by the courts. In the present case, not only is the question at issue in your request the subject of current litigation in the above-referenced case, the question has further been addressed and resolved, at least with respect to the jurisdiction embracing Pulaski and Perry Counties, in theAvaya case referenced in note 2, supra.
I regret that I could not be of further assistance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] Section 26-26-1102 of the Arkansas Code (Repl. 1997) provides as follows:
 (a) All real estate and tangible personal property shall be assessed for taxation in the taxing district in which the property is located and kept for use.
 (b)(1)(A) Tangible personal property in transit for a destination within this state shall be assessed only in the taxing district of its destination.
 (B) Tangible personal property in transit through this state including raw materials from within or outside this state used in the manufacturing process and tangible personal property manufactured, processed, or refined in this state and stored for shipment outside the state shall, for purposes of ad valorem taxation, acquire no situs in this state and shall not be assessed for taxation in this state.
 (C) The owner of tangible personal property in transit through this state and of tangible personal property in transit for a destination within this state may be required, by the appropriate assessor, to submit documentary proof of the in-transit character and the destination of the property.
 (2) "Tangible personal property in transit through this state" means, for the purposes of this section, tangible personal property:
 (A) Which is moving in interstate commerce through or over the territory of this state; or
 (B) Which is consigned to or stored in or on a warehouse, dock, or wharf, public or private, within this state for storage in transit to a destination outside this state, whether the destination is specified when transportation begins or afterward, except where the consignment or storage is for purposes other than those incidental to transportation of the property; or
 (C) Which is manufactured, processed, or refined within this state and which is in transit and consigned to, or stored in or on, a warehouse, dock, or wharf, public or private, within this state for shipment to a destination outside this state.
[2] Avaya Inc. v. Ward, et al., Pulaski County Circuit Court No. 2007-009779 (June 22, 2009).
[3] Acts 1999, No. 572.
 *Page 1